WINNEBAGO NATIONAL BANK OF ROCKFORD *v.* WOODLIFF *et al.*

HILL, J. 1. Where a promissory note payable to the order of named persons, and executed in the name of a corporation by its secretary and treasurer, had indorsed thereon the names of certain persons other than the payees, after whose names were added the words "majority stockholders," these words were mere descriptio personarum, and did not alter the import of the indorsement of the individuals so described.

2. The Civil Code (1910), § 5796, declares: "Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements."

3. In this case the suit was not brought by the payees, but by an owner who took the note before due and for value. It was sought by two of the indorsers to show that they did not put their indorsement on the note for the purpose of rendering them liable, but for the purpose of evidencing their approval, as a majority of the stockholders of the corporation, of the making of the note by the secretary and treasurer. There was no evidence of any notice to the plaintiff, except the addition of the words "majority stockholders" to the names of the indorsers on the note, and this was not sufficient to put the taker on notice of any defense on the part of such indorsers of the character above indicated.

4. The charge of the court submitted to the jury the question of whether the holder of the note was charged with notice of the defense sought to be set up. Under the foregoing rulings such a charge was erroneous; and the verdict in favor of the two indorsers seeking to set up such a defense, found under such charge, was not warranted by the evidence.

*Judgment reversed. All the Justices concur.*

MAY 15, 1916.

Complaint. Before Judge Jones. Hall superior court. February 8, 1915.

*H. H. Perry* and *Adams & Quillian,* for plaintiff.

*C. N. Davie* and *W. B. Sloan,* for defendants.